UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-mc-23593-SCOLA/GOODMAN

IN RE APPLICATION OF VALENTINA MATA
GONZALEZ AND OTHERS EIDELMAN FOR
JUDICIAL ASSISTANCE IN OBTAINING
EVIDENCE IN THIS DISTRICT UNDER
28 U.S.C. § 1782

_____/

**ORDER GRANTING IN PART *EX PARTE*
APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

This matter is before the Court on the Verified *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for an Order to Obtain Discovery in Aid of Foreign Proceedings and Supporting Memorandum of Law ("Application") filed by Valentina Mata González, Alejandra Mata González, and Maryan Carolina Mata González (collectively, "Applicants"). [ECF No. 1]. Applicants seek the issuance of subpoenas *duces tecum* requiring Prager Metis CPAs, LLC, Zomma Group Management, LLC, Asia Condominium Association, Inc., Ponte S. Trinita Corp, One Tequesta Point Condominium Association, Inc., William J. Segal, P.A., and Hilda Josefina Medrano

(collectively, "Discovery Targets") to provide documentary evidence for Applicants' use in contemplated legal proceedings in Venezuela (the "Venezuelan Proceedings").[1]

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1." [ECF No. 3]. As explained in more detail below, the Undersigned **grants in part and denies in part** the Application and authorizes the Applicants to issue the proposed subpoenas [ECF No. 1-2] to six of the seven Discovery Targets. For the reasons stated below, Applicants may *not* issue the subpoena directed to Prager Metis CPAs, LLC.

## I.    Factual Background and Allegations in the Application

Applicants seek to subpoena the Discovery Targets in order to obtain "information and documents concerning Florida-based property and other assets owned by their father, Ricardo Mata Fernández ("Mr. Mata") which they intend to use in the to-be-filed Venezuelan Proceedings [ECF No. 1, p. 2]. They state that they:

> have attempted without success to obtain information and documentation regarding Mr. Mata's assets and property; and [ ] there is, upon information and believe, a substantial risk that Mr. Mata's second wife, Mariolga Azpúrua Delgado [("Azpúrua")] will continue in her efforts to dissipate or otherwise dispose of Mr. Mata's assets and property without the Applicants' knowledge and consent.

---

[1]    As discussed in more detail below, the Venezuelan Proceedings are comprised of a to-be-filed partition action and reinstatement proceedings.

*Id.*

This matter stems from an anticipated "Proceso de Partición Hereditaria ('Partition Action') and . . . [an anticipated] Proceso de Colación ('Reinstatement Proceedings') **to be brought** before the Venezuelan courts in connection with the succession proceedings of [the Applicants'] late father, Mr. Ricardo Antonio Mata Fernández[.]" [ECF No. 1-4, ¶ 4 (original emphasis omitted; bold emphasis added)].

Applicants' Venezuelan counsel, an attorney with "more than 25 years of professional experience as a litigator in matters related to Procedural Law, Civil Law, and Commercial Law before the Venezuelan courts," represents to this Court that:

> **A complete inventory of the deceased's estate is required under Venezuelan law in order to commence the Venezuelan Proceedings and obtain a judicial order** (i) distributing Mr. Mata's estate among his rightful heirs in accordance [sic] Venezuela's hereditary priority rules, and (ii) compel Mr. Mata's second spouse Mariolga Azpúrua Delgado to reinstate to Mr. Mata's estate any and all assets transferred to her or others prior to Mr. Mata's death or in violation of Venezuela's hereditary priority rules.

*Id.* at ¶¶ 3, 6 (emphasis added).[2]

---

[2] *See also* [ECF No. 1-4, ¶¶ 21 ("In order to initiate the Partition Action, however, the heirs must submit with the complaint an inventory of Mr. Mata's assets and liabilities before the competent judicial authority in Venezuela. Without a complete inventory of Mr. Mata's estate, the Partition Action cannot proceed."); 22 ("[T]he Reinstatement Proceedings also require that the heirs submit an inventory of the assets that were transferred during the lifetime of the deceased, and whose reinstatement is requested. Without the inventory, it is not possible to proceed with the Reinstatement Proceedings before the Venezuelan courts."); 23 ("Applicants require complete information of the assets owned by Mr. Mata Fernández in order to compile the inventory of assets and liabilities to be filed before the Venezuelan courts. Without such inventory, it is not possible to proceed with the Partition Action and the Reinstatement Proceedings[.]")].

By filing the instant Application, Applicants seek to obtain information regarding their late father's assets in order "to initiate the corresponding succession and inheritance actions through the Venezuelan Proceedings." *Id.* at ¶ 8. Applicants' Venezuelan counsel states that he has reached out to Azpúrua but she has "not responded to [his] requests and/or provided the documentation requested." *Id.* at ¶ 9. Moreover, Applicants' requests for information made directly to some of the Discovery Targets "ha[ve] been denied and/or their requests have remained unanswered." *Id.* at ¶ 10.

II.   **The Application Meets the Statutory Requirements of Section 1782 as to Six of the Seven Discovery Targets**

To obtain discovery under 28 U.S.C. § 1782, the following threshold showing must be made:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found **in the district** of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782) (emphasis added) (footnote omitted).

The Application meets the threshold requirements of 28 U.S.C. § 1782 for six of the seven Discovery Targets. First, Applicants, Mr. Mata's daughters (who will be claimants in the to-be-filed Venezuelan Proceedings), are interested persons within the meaning of 28 U.S.C. § 1782. The Eleventh Circuit has found that the first and third requirements of

4

section 1782 are met even where the foreign proceeding at issue is anticipated (but not yet filed). *See Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) ("*Furstenberg*").

In *Furstenberg*, the recipient of a subpoena issued pursuant to section 1782 appealed an order denying its motion to quash. *Id.* at 1033. The appellant argued that "the district court erred because the first and third requirements [of section 1782] [were] unmet" where there was no pending foreign proceeding. *Id.* at 1034.

The Eleventh Circuit found that:

> The district court did not err by concluding the discovery sought was "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. **[The] [a]pplicants intend[ed] to file a criminal complaint with a claim for damages in Luxembourg. The complaint [would] trigger a criminal investigation by a judge**. Such investigations [were] proceedings within the meaning of § 1782. *Id.* (authorizing the production of evidence "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation").

*Id.* at 1034–35 (footnote omitted; emphasis added).

The Eleventh Circuit also found no error in the lower court's determination that the:

> [a]pplicants ha[d] produced "reliable indications of the likelihood that proceedings [would] be instituted within a reasonable time." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA) Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (quoting *In re Letter of Request from the Crown Prosecution Serv. of the U.K.*, 870 F.2d 686, 692 (D.C. Cir. 1989)). [The] [a]pplicants maintain[ed] that they [would] file proceedings in Luxembourg within forty-five days of receiving the discovery sought under § 1782. The application to the district court also included specific evidence supporting [the] [a]pplicants' claims. For example, [the] [a]pplicants cited

>an e-mail from a former member of Acheron's Board of Directors, Eric Kalfon, confirming that he had resigned because of Paul's "effective control of [the company]."

*Id.* at 1035.

The Eleventh Circuit also found that the applicants were "interested parties" because:

>[they] plan[ned] to file a criminal complaint with a claim for civil damages in Luxembourg. As part of the process, [the] [a]pplicants ha[d] the right to submit information for the investigating judge's consideration. A criminal investigation [would] begin unless the judge conclude[d] the complaint [was] inadmissible. Any of the parties [could] appeal a decision not to proceed.

*Id.*

The "for use" requirement may also be satisfied in instances where the foreign proceeding is closed but evidence sought pursuant to section 1782 could still be used in the now-closed proceeding. In *Pons v. AMKE Registered Agents, LLC*, the Eleventh Circuit found that the lower court did not err in finding the "for use" requirement had been met even though the underlying Ecuadorian family court proceeding was closed:

>The "for use" requirement under § 1782 "is not limited to proceedings that are pending or imminent;" instead, the foreign "proceeding for which discovery is sought need only be 'within reasonable contemplation.'" *In re Clerici*, 481 F.3d at 1333 (quoting *Intel*, 542 U.S. at 259, 124 S.Ct. 2466). That the Ecuador Family Court has denied Pons' requests to reopen the ten-day period based on something other than Article 408 is different from whether it would reopen the period based on Article 408. Even though the initial inventory period is closed, the point of the district court's finding about Article 408 is that it could require a new inventory. **An Article 408 proceeding is a foreign one in which the evidence could be used. The**

> **district court did not abuse its discretion in finding that the "for use" requirement was satisfied**.

835 F. App'x 465, 470 (11th Cir. 2020) (emphasis added).

However, "the mere discussion of the *possibility* of initiating litigation is insufficient to warrant the granting of a § 1782 application." *In re da Costa Pinto*, No. 17-22784-MC, 2018 WL 6620905, at *8 (S.D. Fla. Aug. 27, 2018), *report and recommendation adopted*, No. 17-22784-MC, 2018 WL 6620132 (S.D. Fla. Oct. 23, 2018) (emphasis added). "[T]he [D]istrict [C]ourt must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d at 1270 (citation omitted).

Here, Applicants have retained counsel with "more than 25 years of professional experience as a litigator in matters related to Procedural Law, Civil Law, and Commercial Law before the Venezuelan courts" to represent them in the anticipated Venezuelan Proceedings. Moreover, counsel has represented to the Court in a sworn declaration that without the requested information "it is not possible to proceed with the Partition Action and the Reinstatement Proceedings that [he] will initiate on behalf of Applicants before the Venezuelan courts." [ECF No. 1-4, ¶ 23]. Based on the representations made by Applicants and by Applicants' counsel, the Undersigned finds that the first requirement is met.

Second, the Application seeks the production of documents. Third, the discovery sought is for use in initiating proceedings in Venezuela. Fourth, with the exception of Prager Metis CPAs, LLC, the Discovery Targets are all found in the Southern District of Florida.

Applicants assert that the information sought by the subpoenas are "held by entities and/or individuals that are residents of or otherwise located in this District," [ECF No. 1, p. 2 (emphasis added)]. But Prager Metis CPAs, LLC is differently situated from the Discovery Target entities who are *Florida* business entities who will be served with the subpoenas at addresses located within this District.

Prager Metis CPAs, LLC is a *foreign* limited liability company with a principal place of business in New York, New York. The proposed subpoena attached to the Application reflects a Tallahassee address for its registered agent. [ECF No. 1-2, p. 35]. Applicants state that:

> Subpoena Respondent Prager Metis CPAs, LLC . . . is a foreign limited liability company, with its principal place of business in New York, New York. **Prager Metis [CPAs, LLC] provides advisory and accounting services throughout the United States, including in Florida. Prager Metis [CPAs, LLC] is located at 777 Brickell Avenue, Suite 420, Miami, Florida 33131**. During times material to this Application, on information and belief, Applicants' father, Mr. Mata, engaged Prager Metis [CPAs, LLC] to provide accounting and other financial advisory services, including the preparation of his individual income tax returns and/or those of the business entities he controlled. Prager Metis [CPAs, LLC] is therefore in possession of documents and information that are relevant and necessary to the Venezuelan Proceedings.

[ECF No. 1, p. 3 (emphasis added)].

Applicants' sparse assertions that "Prager Metis [CPAs, LLC] provides advisory and accounting services throughout the United States, including in Florida" and that it has a location in Miami, Florida are insufficient to persuade the Court that Prager Metis CPAs, LLC "resides" or is "found" in this District.

In *In re Inmobiliaria Tova, S.A.*, for example, a section 1782 petitioner failed to meet the found-or-resides-in-the-district requirement even though the intended subpoena recipient "ha[d] two offices in this [D]istrict as well as a registered agent." No. 20-24981-MC, 2021 WL 925517, at *2 (S.D. Fla. Mar. 10, 2021).

The Undersigned is not *definitively* concluding that Applicants cannot meet this prong. The Undersigned is merely concluding that, based on the limited record, Applicants have failed to show that the section 1782 factors have been met with respect to the Prager Metis CPAs, LLC subpoena.

Any renewed application in this District for the issuance of a section 1782 subpoena to this entity must be supported by pertinent legal authority *and* factual support for Applicants' position that Prager Metis CPAs, LLC resides or can be found in this District. Alternatively, Applicants may wish to seek relief from the United States District Court for the Southern District of New York, where Prager Metis CPAs, LLC has its principal place of business. In any event, Applicants' submissions to date have not persuaded the Court that Prager Metis CPAs, LLC resides or is found in this District. Therefore, the Undersigned denies that specific request, albeit without prejudice.

### III. Discretionary Factors Support the Authorization of the Subpoenas to Six3 Discovery Targets

Even when the statutory requirements of section 1782 are met, the Court is not required to grant a petition. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Supreme Court in *Intel Corp.* set forth the factors that may inform the district court's discretion in deciding to grant a section 1782 petition. 542 U.S. at 264–65.

The discretionary factors that may be considered are as follows:

(1) whether the persons from whom the discovery is being sought are participants in the foreign proceeding;

(2) the nature and character of the foreign proceeding and the receptivity of the foreign tribunal to United States federal judicial assistance;

(3) whether the request is an attempt to circumvent foreign proof-gathering limitations; and

(4) whether the discovery sought is unduly intrusive or burdensome.

*Id.* "The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1223 (11th Cir. 2019).

The *Intel Corp.* discretionary factors are met here. First, the Discovery Targets are not parties to the to-be-filed Venezuelan Proceedings. The evidence held by the Discovery

---

[3] Because Applicants have not met their burden of establishing the section 1782 factors as to Prager Metis CPAs, LLC, it is not necessary to include Prager Metis CPAs, LLC in the Court's consideration of the discretionary factors. If Applicants file a *renewed* application as to this entity, then the Court will address the discretionary factors as to Prager Metis CPAs, LLC.

Targets may be unavailable without this Court's assistance, as Venezuelan courts do not have jurisdiction over entities who reside in the United States. Second, Applicants' experienced Venezuelan counsel avers that "Venezuelan courts do not reject the assistance of U.S. federal district courts in obtaining evidence for use in Venezuelan civil proceedings, and they would not refuse to consider the requested evidence due to this fact." [ECF No. 1-4, ¶ 27]. Third, there is no evidence that Applicants are attempting to circumvent foreign proof-gathering limitations. Finally, "Applicants have narrowly tailored the subpoenas to request only information that is directly relevant and material to the claims that will be litigated in the Venezuelan Proceedings." [ECF No. 1, p. 21]. Moreover, the Discovery Targets may, if necessary, raise objections pursuant to Federal Rule of Civil Procedure 45(c). Thus, the discretionary factors support the issuance of the subject subpoenas.

### IV. CONCLUSION

The Court, having considered the Application and supporting documents [ECF Nos. 1–1-4] **orders** as follows:

1. The Application is **granted in part and denied in part** in accordance with this Order.

2. Applicants may, in accordance with this Order, issue the proposed subpoenas attached to their Application [ECF No. 1-2] and directed to: Zomma Group Management, LLC; Asia Condominium Association, Inc.; Ponte S. Trinita Corp; One

Tequesta Point Condominium Association, Inc.; William J. Segal, P.A.; and Hilda Josefina Medrano ("Subpoena Recipients"). Applicants are *not* authorized to issue the Prager Metis CPAs, LLC subpoena.

3. In addition to serving the subpoenas on the six Discovery Targets listed above, Applicants shall also serve a copy of this Order and the *Ex Parte* Application [ECF No. 1] (including all exhibits) on the six Discovery Targets.

4. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure. The Subpoena Recipients shall take immediate steps to prevent the destruction or corruption of evidence sought in the subpoenas.

5. The Subpoena Recipients are directed to comply with the subpoenas issued in this case and may seek relief under Rule 45 of the Federal Rules of Civil Procedure, if necessary.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on October 12, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Counsel of Record